**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHERI EDMUNDS,** | 1:09-CV-2136  AWI SMS |
| Plaintiff, | |
| v. | **ORDER FOR PLAINTIFF TO SHOW CAUSE** |
| **SIGNATURE VANGUARD SOLUTIONS, LLC,** | |
| Defendant. | |

This case was filed on December 8, 2009. See Court's Docket Doc. No. 1. Summons was returned executed on February 2, 2010. See id. at Doc. No. 5. On March 3, 2010, a notice of settlement was filed. See id. at Doc. No. 6. Plaintiff was ordered to file dismissal papers on or by May 10, 2010. See id. at Doc. No. 8. Plaintiff was warned that failure to timely file dismissal papers could result in sanctions. See id. Plaintiff did not file dismissal papers. On August 9, 2010, Plaintiff filed a motion to enforce settlement. See id. at Doc. No. 9. On October 22, 2010, Plaintiff's motion to enforce settlement was stricken. See id. at Doc. No. 15. There have been no further filings in this case. There is no scheduling order in place and no trial date or discovery deadlines have been set, which appears to be due solely to Plaintiff filing her notice of settlement in March 2010.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010). While the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005). "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994); Ferdik, 963 F.2d at 1260-61; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Omstead, 594 F.3d at 1084; Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Henderson, 779 F.2d at 1423-24. Also, a dismissal for failure to prosecute must be supported by a showing of unreasonable delay. Omstead, 594 F.3d at 1084; Henderson, 779 F.2d at 1424.

This case has come to a stand still. As outlined above, the Court has not heard from Plaintiff, there have been no filings in this case for over seven months, and Plaintiff is in disobedience of a Court order (i.e. Document No. 8). Under these circumstances, the Court has grave concerns that Plaintiff has abandoned this case. Plaintiff will be ordered to show cause in writing why this case should not be dismissed for failure to prosecute and failure to obey a court order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is to show cause in writing on or by 3:00 p.m. on May 11, 2011, why this case should not be dismissed for failure to prosecute and/or the failure to obey a court order; and

2. PLAINTIFF IS HEREBY WARNED THAT THE FAILURE TO FOLLOW THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS, WHICH MAY INCLUDE DISMISSAL OF THIS CASE WITH PREJUDICE AND WITHOUT FURTHER WARNING.

IT IS SO ORDERED.

Dated:   May 2, 2011

CHIEF UNITED STATES DISTRICT JUDGE