# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI EDMUNDS,<br><br>    Plaintiff,<br><br>    v.<br><br>SIGNATURE VANGUARD SOLUTIONS, LLC,<br><br>    Defendant. | 1:09-CV-2136  AWI SMS<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND CLOSING CASE IN LIGHT OF PLAINTIFF'S VOLUNTARY DISMISSAL** |

On May 3, 2011, the Court issued an order for Plaintiff to show cause why the case should not be dismissed under Rule 41(b) for failure to prosecute and/or failure to obey a court order. See Court's Docket Doc. No. 16.  On May 6, 2011, Plaintiff filed a notice of voluntary dismissal with prejudice.  See id. at Doc. No. 17.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

In *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997), the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his

action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

The defendant has neither filed nor served an answer or motion for summary judgment. Because Plaintiff has exercised her right to voluntarily dismiss her complaint with prejudice under Rule 41(a)(1), this case has terminated. See Wilson, 111 F.3d at 692.

Additionally, since Plaintiff was ordered to show cause why her case should not be dismissed, and Plaintiff has now dismissed her case with prejudice, the Court will discharge the order to show cause.

Therefore, IT IS HEREBY ORDERED that:

1. The May 3, 2011, order to show cause is DISCHARGED; and

2. The Clerk is ordered to CLOSE this case in light of Plaintiff's Rule 41(a)(1) notice of dismissal with prejudice.

IT IS SO ORDERED.

Dated:   May 13, 2011                              _____
                                                   CHIEF UNITED STATES DISTRICT JUDGE